UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | | |
|---|---|---|
| ROBERT WORTHINGTON, on Behalf of Himself and all Others Similarly Situated | : : : | **OPINION** |
| | : : | Civil Action No. 11-2793 (ES)(CLW) |
| Plaintiff, | : : | |
| v. | : : | |
| BAYER HEALTHCARE LLC, | : : | |
| Defendant. | : : | |
| DINO RIKOS, on Behalf of Himself and all Others Similarly Situated | : : : | Civil Action No. 11-3017 (ES)(CLW) |
| Plaintiff, | : : | |
| v. | : : | |
| BAYER HEALTHCARE LLC, | : : | |
| Defendant. | : : | |
| TROY YUNCKER, on Behalf of Himself and all Others Similarly Situated | : : : | Civil Action No. 11-3299 (ES)(CLW) |
| Plaintiff, | : : | |
| v. | : : | |
| BAYER HEALTHCARE LLC, | : : | |
| Defendant. | : : | |

**WALDOR, United States Magistrate Judge**

In these purported class actions brought in the above-captioned matters, Robert Worthington, Dino Rikos, and Troy Yuncker ("Plaintiffs") allege that Bayer Heathcare LLC ("Bayer") deceptively

advertised and marketed several of Bayer's colon health products including, Phillips' Colon Health, Phillips' Colon Health Probiotic Caps, and Phillips' Colon Health Probiotic + Fiber (the "Products").[1] In each Complaint, Plaintiffs claim that these marketing practices violate the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.*, and common law breach of warranty principles. As such, Plaintiffs argue that Bayer has unjustly received a benefit at the expense of Plaintiffs and the other members of the putative class. Bayer has moved to dismiss Plaintiffs' suits under the first-to-file rule. Presently before the Court is a motion to intervene ("Motion to Intervene") in the New Jersey actions by Diana Stanley ("Stanley"). Stanley is a plaintiff in a putative nationwide class action pending in the Southern District of California in which Stanley asserts California and common law causes of action against Bayer concerning its advertising and marketing practices regarding the Products. Stanley seeks to intervene for the limited purpose of filing her own motion to dismiss or transfer under the first-to-file rule. For the reasons set forth below, the intervention motion is denied.

**I. BACKGROUND**

On April 22, 2011, Stanley filed a putative nationwide class action against Bayer in the United States District Court for the Southern District of California alleging claims under, *inter alia*, California's Unfair Competition Law and False Advertising Law, California's Consumer Legal Remedies Act, as well as claims for Breach of Express and Implied Warranties under California law. ("California Action"). Motion to Intervene, Ex. A at 18-22; Stanley v Bayer Healthcare LLC, No.

---

[1] The putative nationwide class action complaints filed by Worthington – No. 11-2793, Rikos - No. 11-3017, and Yuncker – No. 11-3299, have not been formally consolidated. However, the New Jersey actions are operating under the same joint discovery schedule and Plaintiffs have filed joint responses to both Bayer's and Stanley's pending motions.

11-00862-IEG-BLM. Stanley is a California resident and was allegedly subjected to Bayer's deceptive practices in California.

About a month later, on or about May 16 and May 25, respectively, Worthington and Rikos filed two separate actions in the United States District Court for the District of New Jersey alleging nationwide claims under New Jersey law related to the deceptive advertising and marketing of the Products. Specifically, Worthington and Rikos assert claims for violations of the New Jersey Consumer Fraud Act ("NJCFA") and for common law Breach of Implied Warranties.[2]  See *Worthington* Compl., Dkt. No. 1 at 19-21; *Rikos* Compl. Dkt. No.1 at 19-20, 25-26. Thereafter, on June 8, 2011, Troy Yuncker filed a Complaint in this Court alleging nationwide class claims under New Jersey law mirroring those of Worthington and Rikos.[3] *Yuncker* Compl., Dkt. No. 1 at 20-23.

On July 7, 2011, Bayer filed a motion to dismiss ("Motion to Dismiss," "Def.'s Dismissal Br.") the New Jersey actions ("New Jersey Actions") pursuant to the first-to-file rule.[4] (Dkt. No. 14, Dkt. No. 13, Dkt. No. 4). In support of its Motion to Dismiss, Bayer argues that *Worthington*, *Rikos*, and *Yuncker* are duplicative of *Stanley* because they "complain[ ] of the same conduct by the same Defendant, on behalf of the same proposed class of consumers, and seek[ ] the same relief." Def.'s Dismissal Br. at 1. As such, Bayer contends that "the second-filed complaint - the one at issue in this matter - should be dismissed." Def.'s Dismissal Br. at 1.

---

[2] Plaintiff Rikos also asserts claims under California Consumers Legal Remedies Act, California Business and Professions Code 17200, and the Illinois Consumer Fraud Act.

[3] Yuncker also asserts a claim under the Illinois Consumer Fraud Act.

[4] Bayer's Motion to Dismiss is currently pending before the Honorable Esther Salas. (Dkt. No. 14, Dkt. No. 13, Dkt. No. 4).

On July 22, 2011, Stanley filed the current Motion to Intervene for the limited purpose of filing a motion to dismiss or transfer. (Dkt. No. 19, Dkt. No. 18, Dkt. No. 11, "Stanley's Br."). In this motion, Stanley argues, like Bayer, that the first-to-file rule applies and that because Stanley filed her action against Bayer before the Plaintiffs filed their respective actions in this Court, the Court should apply the first-filed rule and dismiss the case. Stanley does not dispute that her sole interest in the New Jersey Actions is in having the actions dismissed or transferred to the Southern District of California. On August 1, 2011, Plaintiffs filed a brief in opposition (Dkt. No. 21, Dkt. No. 19, Dkt. No. 16, "Pl.'s Opp. Br.") and on August 8, 2011, Stanley filed her reply brief. (Dkt. No. 22, Dkt. No. 21, Dkt. No. 19, "Stanley's Reply Br."). The Court has reviewed the parties' submissions and applicable law and is prepared to rule.

## II. ANALYSIS

Stanley argues that she is entitled to intervene in this action as of right under Fed. R. Civ. P. 24(a). Alternatively, Stanley argues that she qualifies for permissive intervention under Fed. R. Civ. P. 24(b). For the reasons set forth below, the Court concludes that Stanley has not shown that she meets either the requirements for intervention as of right or permissive intervention. Accordingly, the Court will not allow Stanley to intervene to file her motion to dismiss or transfer under the first-to-file rule.

### A. Federal Rule of Civil Procedure 24(a)(2):

Federal Rule of Civil Procedure 24 provides in pertinent part: "(a). Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action

and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect their interest, unless the applicant's interest is adequately represented by existing parties." Fed. R. Civ. P. 24(a)(2).

In order to prevail on a motion to intervene under Rule 24(a)(2), the applicant seeking to intervene must meet the following criteria: (1) the motion to intervene must be timely; (2) the proposed intervenor must have a sufficient interest in the litigation; (3) the disposition of the suit must threaten to impair or affect that interest; and (4) the proposed intervenor's interest must not be adequately represented by the existing parties. See Glover v. Ferrero USA, Inc., No. 11-1086, 2011 WL 5007805 (D.N.J. Oct. 20, 2011) (citing Kleissler v. U.S. Forest Service, 157 F.3d 964, 969 (3d Cir. 1998); Mountain Top Condo. Ass'n. v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 365-66 (3d Cir. 1995); Development Fin. Corp. v. Alpha Hous. & Health Care, Inc., 54 F.3d 156, 161-62 (3d Cir. 1995); United States v. Alcan Alum., Inc., 25 F.3d 1174, 1181 (3d Cir. 1994); Brody v. Spang, 957 F.2d 1108, 1115 (3d Cir. 1992); Harris v. Pernsley, 820 F.2d 592, 596 (3d Cir. 1987)). The proposed intervenor has the burden of proving each element and failure to prove any one of the criteria is sufficient grounds to deny the motion. See 6 James W. Moore et al., Moore's Federal Practice-Civil § 24.03 (3d ed. 2008).

To justify intervention as of right, the proposed intervenor must have an interest "relating to the property or transaction which is the subject of the action" that is "significantly protectable" and must be "a legal interest as distinguished from interests of a general and indefinite character." Liberty Mut. Ins. Co v. Treesdale, Inc., 419 F.3d 216, 220 (3d Cir. 2005) (quoting Mountain Top, 72 F.3d at 366); Donaldson v. United States, 400 U.S. 517, 531, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971). The Third Circuit has recognized that precisely defining the interest that satisfies 24(a)(2)

has proved challenging. As such, in determining motions to intervene, the Court's inquiry is to be flexible and attuned to the circumstances and pragmatic considerations of the particular case. See Kleisser, 157 F.3d at 972. "Nonetheless, the polestar for evaluating a claim for intervention is always whether the proposed intervenor's interest is direct or remote. Due regard for efficient conduct of the litigation requires that intervenors should have an interest that is specific to them, is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought. The interest may not be remote or attenuated . . . . " AstraZeneca AB v. Dr. Reddy's Laboratories, Ltd., No. 05-5553, 2010 WL 4387519 (D.N.J. Oct. 29, 2010) (quoting Kleisser, 157 F.3d at 972).

Here, Stanley argues that she is entitled to intervene as of right in the New Jersey Actions under Fed. R. Civ. P. 24(a)(2) because: (1) her motion is timely; (2) she has a significantly protectable interest in the litigation; (3) her interests may be affected or impaired by the disposition of these actions; and (4) her interests will not be adequately represented by the existing Plaintiffs. Stanley's Br. at 7-20.

Plaintiffs argue that because Stanley seeks to intervene solely to dismiss or transfer Plaintiffs' claims, granting the intervention motion would prejudice the adjudication of the Plaintiffs' claims and should be denied. In support, Plaintiffs state "the first-filed rule does not apply here because there are different parties litigating different claims, possibly on behalf of different classes." Pl.'s Opp. Br. at 5. In addition, Plaintiffs argue that nothing in the New Jersey Actions prevents Stanley from litigating her claims in California. Id. Thus, Plaintiffs contend that no conflicts exist between the actions such that Stanley's interests would be inadequately represented. To that end, Plaintiffs assert that Stanley is no danger of being subjected to inconsistent rulings because her claims are

exclusively governed by California law. Id. at 6. Therefore, any adverse ruling in New Jersey at this juncture would be non-binding on Stanley. Id. Instead, Plaintiffs believe intervention is prejudicial because should Stanley succeed in obtaining a dismissal, but fail in her quest to certify a nationwide class based upon California law, the Plaintiffs would have no outlet for relief. Id. at 8.

1. **Timeliness**

Stanley has established that her Motion to Intervene is timely within the meaning of Rule 24. The timeliness of a motion to intervene is "'determined from all the circumstances' and, in the first instance, 'by the [trial] court in the exercise of it [*sic*] sound discretion.'" In re Fine Paper Antitrust Litigation, 695 F.2d 494, 500 (3d Cir. 1982) (citing NAACP v. New York, 413 U.S. 345, 366, 93 S.Ct. 2591, 2603, 37 L.Ed.2d 648 (1973)). This inquiry "is essentially a test of reasonableness." F.T. Intern., Ltd. v. Mason, No. 00-5004, 2003 WL 21993859, at *1 (E.D.Pa. May 2, 2003). The Third Circuit has listed three factors for courts to consider in evaluating timeliness: (1) the stage of the proceedings; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay. Mountain Top, 72 F.3d at 369 (quoting In re Fine Paper Antitrust Litigation, 695 F.2d at 500).

In the instant matter, the Motion to Intervene was filed on July 22, 2011, approximately two months after Plaintiffs Worthington and Rikos filed their Complaints in this Court. Thus, there is no evidence that Stanley has delayed in seeking intervention. Further, the New Jersey Actions are only in their early stages. This Court first conducted an Initial Scheduling Conference pursuant to Federal Rule of Civil Procedure 16 on October 20, 2011. While some written discovery has occurred in the period in question, the parties have not taken any depositions nor has the Court ruled on any dispositive motions. As Stanley correctly points out in its moving brief, the critical inquiry in

assessing timeliness is: "what proceedings of substance on the merits have occurred?" Mountain Top, 72 F.3d at 369. Here, these cases are still in their infancy. As such, the Court finds that intervention will not delay or prejudice the rights of the existing parties and, as a result, Stanley satisfies the first prong of Rule 24(a)(2).[5]

### 2. Sufficient Interest in the Litigation

Stanley, however, has not sufficiently shown the Court that her interest in this case is the type of interest warranting protection under Rule 24(a)(2). To establish a sufficient interest for intervention, Stanley must prove an interest "relating to the property or transaction which is the subject of the action." Mountain Top, 72 F.3d at 366. Stanley's interest must be "significantly protectable." Id. That is, the interest must be "a legal interest as distinguished from interests of a general and indefinite character." Harris v. Pernsley, 820 F.2d 592, 601 (3d. Cir. 1987) (citations omitted). Generally, an "economic interest in the outcome of litigation is insufficient to support a motion to intervene." Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 221 (3d Cir. 2005) (quoting Mountain Top, 72 F.3d at 366). The "mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene." Id. See Alcan Aluminum, 25 F.3d at 1185 ("Some courts have stated that a purely economic interest is insufficient to support a motion to intervene."); Mountain Top, 72 F.3d at 366 (holding that the denial of the request to intervene was correct "if the appellants' only interest in the present case was to ensure that the [debtor] would have sufficient resources to satisfy any judgment that [the intervenor] may be able to obtain.").

---

[5] Additionally, the Court notes that Plaintiffs do not appear to dispute the timeliness of Stanley's Motion to Intervene.

Stanley highlights four cognizable interests in this litigation: (1) application of the first-to-file rule; (2) litigating in her forum of choice; (3) avoiding inconsistent rulings that might prejudice her action; (4) and avoiding delay, expense and waste from litigating duplicative actions. Stanley's Br. at 11-20. For the reasons set forth below, the Court finds these interests insufficient.

The Court will first address Stanley's contention that filing a motion to dismiss or transfer pursuant to the first-to-file rule is a sufficiently cognizable interest in the litigation. In support of this contention, Stanley argues that Plaintiffs' cases are "truly duplicative" of the California Action because Plaintiffs' "claims arise out of the identical transaction with Bayer, bear a logical relationship to Stanley's claims, and do not involve any other defendants." Stanley's Br. at 14. Moreover, Stanley argues that Plaintiffs assert claims against Bayer for the identical proposed class. Id. at 15.

In Glover v. Ferrero, Judge Wolfson thoroughly explained the first-to-file rule and its application:

> The first-filed rule is based on the principle that "in all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." EEOC v. University of Pennsylvania, 850 F.2d 969, 971 (3d Cir. 1988) (citations omitted). To be applicable, the Third Circuit has explained that "the later-filed case must be truly duplicative of the suit before the court . . . That is, the one must be materially on all fours with the other . . . The issues must have such an identity that a determination in one action leaves little or nothing to be determined in the other." Grider v. Keystone Health Plan Cent., Inc., 500 F.3d 322, 334 n. 6 (3d Cir. 2007) (quotations and citations omitted). Importantly, however, the first-filed rule is "not rigidly applied nor absolute." Clean Harbors Inc. v. Acstar Ins. Co., Civ. No. 09-5175, 2010 WL 1930579, at *5 (D.N.J. May 12, 2010). Indeed, the Third Circuit has recognized that "District courts have always had discretion to retain jurisdiction given appropriate circumstances justifying departure from the first-filed rule." EEOC, 850 F.2d at 971.

Id., at *4.

Here, Stanley seeks to intervene in order to present legal arguments in support of a motion to dismiss or transfer pursuant to the above-described first-filed rule. As noted, *supra*, Bayer has already filed a Motion to Dismiss pursuant to the first-filed rule, currently pending before the Honorable Esther Salas. Thus, Stanley seeks to file its motion without being constrained by Bayer's views on this issue. Whether a proposed intervenor's interest in filing a motion to dismiss or transfer an action when a similarly styled motion is already pending before the Court is sufficient to warrant intervention as of right is an issue of first impression in this Circuit. As such, the Court looks to other federal courts for guidance. In Askin v. Quaker Oats Co., No. 11-00111, 2011 WL 5008524 (N.D.Ill. Oct. 20, 2011), Magistrate Judge Young B. Kim analyzed this exact issue. In Askin, Plaintiff filed a putative class action complaint alleging that defendant Quaker deceptively labeled its products as "heart-healthy." Prior to the filing of the suit, three similar suits had already been filed in the Northern District of California in which the plaintiffs had brought nearly identical claims under California's consumer protection laws. Quaker moved to dismiss Askin's suit under the first-to-file rule. Thereafter, the plaintiffs in the California action filed a motion to intervene for the limited purpose of filing their own motion to dismiss under the first-to-file rule. Judge Kim concluded that the California plaintiffs failed to show that they met the requirements for intervention as of right; specifically, Judge Kim found that the plaintiffs' interest in the case was not "the kind that is contemplated by Rule 24(a)(2)." Id., at *7. Judge Kim concluded:

> Any reasoning in the court's ultimate decision on the first-to-file motion is unlikely to have much persuasive authority in the Northern District of California. And even if this court denies the motion to dismiss under the first-to-file rule and that decision is ultimately challenged on appeal, by the time this litigation proceeds to a final appealable order[,] the California litigation will have progressed as well, likely rendering moot the concerns regarding duplication and waste raised in the . . . plaintiffs' proposed first-to-file motion. Accordingly, their interest in avoiding the

-10-

> possible *stare decis* effect in California of decisions related to the first-to-file question here does not have sufficient teeth to meet the Rule 24(a) standard for intervention as of right.

Id., at *8-9 (citations omitted). This Court agrees. Judge Salas's decision on either Bayer's or Stanley's first-to-file motion will equally have little to no impact on the ultimate disposition of Stanley's claims in California. As such, Stanley's interest in this case will **not** be "affected in a substantially concrete fashion...," a prerequisite to intervention as of right. See Kleisser, 157 F.3d at 972.

Further, the Court finds that, as is the case in the instant matter, where a proposed intervenor has: (1) admittedly asserted that she has no particular interest in the disposition of the action in which she seeks to enter (other than seeing that it not go forward) and (2) an existing party to the case has already sought the same relief on nearly identical grounds, that party is not entitled to intervene as of right. Here, Stanley seeks to intervene solely to file a motion to dismiss or transfer pursuant to the first-filed rule. Bayer's Motion to Dismiss, brought on nearly the same grounds, is before the Court, fully briefed, and ripe for decision. The Court acknowledges that Bayer is Stanley's opponent in the California Action. However, in the New Jersey Actions, their interests are aligned - both parties request that this Court dismiss Plaintiffs' actions pursuant to the first-to-file rule. Therefore, Stanley would be hard-pressed to argue that a potential threat to her interest exists. In sum, Stanley's interest in filing a motion to dismiss or transfer is the exact type of general interest the Third Circuit has explained is **not** significantly protectable. Intervention is improper if the interest is "remote or attenuated"; instead, the interest must be **direct**. Id. Stanley **would** have a direct interest in the litigation if she sought to intervene for the purpose of asserting her consumer fraud act and breach of warranty claims along with Plaintiffs. However, Stanley has made clear that

she is not interested in affirmatively taking part in the New Jersey Actions. Accordingly, the Court finds that Stanley's stated interest in solely having this action dismissed or transferred pursuant to the first-to-file rule is insufficient to satisfy the second prong of 24(a)(2).

Stanley contends that authority exists to support her position that a motion to intervene can be properly granted for the purpose of seeking dismissal or transfer. On August 4, 2011, this Court ordered the parties to submit a brief of authorities supporting the filing of a motion to intervene for the purpose of dismissing Plaintiffs' actions. (*Worthington*, Dkt. No. 18). In response, Stanley points the Court's attention to Riley v. Simmons, 839 F.Supp. 1113 (D.N.J. 1993) and Borkowski et al. v. Fraternal Order of Police et al., 155 F.R.D. 105 (E.D.Pa. 1994). The Court is not persuaded by this authority.

In Riley, the New Jersey Commissioner of Insurance, who had been appointed as the Rehabilitator of an insolvent life insurance company, filed a motion to intervene in an action filed by 200,000 annuitants of the life insurance company against the former directors of the company. 839 F.Supp. at 1117. The Riley Court granted the Commissioner's motion and permitted him "to intervene for the limited purpose of filing his motion to dismiss the plaintiff's complaint . . . . " Id. at 1122. In so holding, Judge Wolin found that the Rehabilitator had a direct interest in the subject matter of the litigation. Specifically, Judge Wolin concluded:

> Courts have found that a public official has a sufficient interest to intervene in which the subject of the suit comes within the scope of his official duties . . . the Rehabilitator must demonstrate that there is a **tangible threat** to a **legally cognizable duty** to have the right to intervene. N.J.S.A. 17B:32-32 *et seq.* expressly provides the Rehabilitator with a cognizable duty which would be comprised if the Rehabilitator were not allowed to intervene.

Id. at 1118 (internal citations omitted) (emphasis added). Here, Stanley has no similar "legally cognizable duty." None of the public policy or overarching goals of a particular legislative act are

at stake in the instant litigation. Moreover, even if Stanley had such a duty, which she does not, no tangible threat to that duty exists. Riley is thus inapposite.

Similarly, Borkowski involves unique and distinguishable facts. There, proposed intervenor Jonathan Felix, an alleged 50 percent shareholder and director of the Plaintiff Felbor, Inc., requested permission to intervene to dismiss Felbor's suit against the Fraternal Order of Police, Philadelphia Lodge No. 5. Borkowski, 155 F.R.D. at 107. Plaintiff Borkowski, the other 50 percent shareholder, had initiated the suit in the corporation's name without Felix's consent. Felix alleged that Felbor was a corporation without assets except for the pending litigation. Because Borkowski subjected Felix, a shareholder and director, to "potential liability for costs or, in extreme circumstances, for attorneys' fees, and for counterclaims," Judge Van Antwerpen found that Felix had a sufficiently direct and vested interest in the litigation to satisfy the 24(a)(2) standard. Id. at 108-109. Judge Van Antwerpen further held that Mr. Felix's motion could be granted for the purpose of seeking dismissal because the circumstances of the organization of Plaintiff Felbor, Inc. indicated that Mr. Borkowski had no authority to initiate the suit without Mr. Felix's consent. Id. at 110. Therefore, although the Court allowed Mr. Felix to intervene for the limited purpose of filing a motion to dismiss, Mr. Felix's interest in the litigation and, more importantly, the Plaintiff corporation itself is entirely distinct from these cases. In sum, the Courts in Riley and Borkowski granted the applicant's motion to intervene for the limited purpose of filing a motion to dismiss because the applicant's had other "significantly protectable" interests. Stanley cannot prove such an interest.[6]

---

[6]

Stanley also relies on case law from outside this Circuit; namely, Widjaja v. Yum! Brands, Inc., No. 09-1074, 2009 WL 3462040 (E.D.Cal. Oct. 22, 2009). Widjaja is also distinguishable. There, the Court found the proposed intervenors' interest significantly protectable where plaintiff sought to consolidate its case with the proposed intervenors' already consolidated actions in which significant discovery had been conducted. Moreover, although the Court granted the applicants' motion to intervene, it denied the applicants motion to dismiss or stay pursuant to the first-filed rule.

To that end, Stanley's other stated "interests" do not provide a sufficient independent basis for intervention. First, this Court's decision does not impair Stanley's stated interest in litigating in her forum of choice because the denial of Stanley's motion in no way affects her ability to litigate the California Action. Indeed, the California Action continues to move forward. Experts have been retained, discovery has been served, and depositions have been conducted. Stanley's Br. at 5-6. In fact, Stanley filed her motion for class certification on December 8, 2011. (Dkt. No. 53, Dkt. No. 53, Dkt. No. 50). Moreover, at this juncture, prior to the certification of a class in any of the several pending actions, this Court can only speculate whether there will be a nationwide class or which state's or states' law might apply to a nationwide class. Accordingly, any threat of inconsistent rulings is too remote to warrant intervention as of right. See Glover, 2011 WL 5007805, at *6.[7] Finally, the Court finds that to the extent Stanley seeks to avoid delay, expense and waste in litigating duplicative actions, Stanley is not required to participate in the New Jersey Actions. Her costs will remain the same in the California Action regardless of whether the New Jersey Actions go forward. Further, any delay in the progress of Stanley's case is *de minimis* and, regardless, outside this Court's control as we are powerless to manage another Court's docket. Stanley's general and attenuated interest in, for example, "minimizing waste," does not rise to the standard of Rule 24(a)(2).

---

[7] In so holding, the Court acknowledges that the *Rikos* Complaint alleges claims under both New Jersey and California law. Therefore, the potential exists for this Court to adversely rule on a pending California claim. However, at this early stage of the litigation, the Court cannot predict whether this potential conflict will ever materialize. This speculative interest, in and of itself, is not significantly protectable. See Libert Mut. Ins. Co., 419 F.3d at 221 ("mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene.").

"Each [Rule 24(a)(2)] requirement[] must be met to intervene as of right." Mountain Top, 72 F.3d at 366. Therefore, this Court need not analyze Stanley's arguments under the third or fourth prongs of Rule 24(a)(2). Stanley's request to intervene as of right in the New Jersey Actions is denied.

B. Federal Rule of Civil Procedure 24(b)(1)(B):

If a party fails to meet the requirements of Rule 24(a) to intervene as a matter of right, that party nonetheless may be granted permission to intervene under Rule 24(b). Rule 24(b)(1)(B) allows for permissive intervention where the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Whether to allow a party to permissively intervene is left to the sound discretion of the Court. Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1913. In exercising that discretion, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 779, n.6 (quoting Fed. R. Civ. P. 24(b)(3)). The court should consider various factors, including whether the proposed intervenors will add anything to the litigation and whether the proposed intervenors' interests are already adequately represented in the litigation. Hoots v. Pennsylvania, 672 F.2d 1133, 1136 (3d Cir. 1982).

Stanley argues that permissive intervention is warranted as there are common questions of law and fact regarding this litigation. Specifically, "Stanley intends to assert claims and defenses concerning the central issues in this case concerning Bayer's products, including Philips Colon Health, and their marketing and advertising practices." Stanley's Reply Br. at 13. Further, Stanley contends that this Court should grant permissive intervention because the inclusion of Stanley will

-15-

cause no undue delay or undue hardship to the existing parties. Id.  Discovery is just underway and the Court has not ruled on any dispositive motions.

In response, Plaintiffs argue that if Stanley seeks to intervene only to file a motion to dismiss or transfer, she has asserted neither a claim nor a defense within the meaning of Rule 24(b).  Instead, "she is seeking to avoid asserting a claim in this litigation and, in fact, is attempting to prevent New Jersey Plaintiffs from asserting their claims, including claims under different state laws." Pl.'s Opp. Br. at 11.  If Stanley is successful in her efforts, Plaintiffs contend that their ability to assert their claims would be unduly delayed and prejudiced because Plaintiffs' claims, including claims that are different from Stanley's, would be dismissed without any adjudication on the merits.  Id. Alternatively, if the cases are transferred, Plaintiffs argue that their interest in litigating their claims in their chosen forum will be compromised.  Id.

Exercising its sound discretion, the Court finds that permissive intervention is not warranted in this case.  Assuming, *arguendo*, Stanley shares a claim or defense with the parties in the litigation, permissive intervention is nonetheless inappropriate because Stanley's interests are already represented in the litigation.  Thus, her appearance as an intervenor would not sufficiently add anything to the litigation.  Hoots, 672 F.2d at 1136.  As discussed above, the Court has determined that Bayer can adequately represent Stanley's interests because Bayer has already filed a motion to dismiss pursuant to the first-filed rule.  The Court has reviewed Bayer's Motion to Dismiss and Stanley's proposed motion to dismiss or transfer.  The two motions are strikingly similar.  Both Bayer and Stanley argue that the first-filed rule applies because:  (1) the subject matter of the two actions substantially overlaps; (2) the chronology of the actions favors dismissal of the New Jersey Actions because Stanley's action was filed weeks before the New Jersey Actions; and (3) none of

the exceptions to the first-filed rule apply. *Compare* Bayer's Motion to Dismiss (Dkt. No. 14, Dkt. No. 13, Dkt. No. 4) with Stanley's proposed motion to dismiss or transfer (Dkt. No. 19, Ex. A, Dkt. No. 18, Ex. A, Dkt. No. 11, Ex. A). Moreover, both Bayer and Stanley cite to similar Third Circuit precedent to support their respective positions. Id. If anything, Bayer's Motion to Dismiss is more comprehensive than Stanley's. The Third Circuit has explained that if the interests of the proposed intervenor are already represented in the litigation, courts typically deny such applications to intervene. Hoots, 672 F.2d at 1136. See also Benjamin v. Dept. of Public Welfare of the Commonwealth, No. 09-1182 , 267 F.R.D. 456, 465 (M.D. Penn. Mar. 10, 2010) (finding permissive intervention was not appropriate where "applicant would not add anything to the litigation").[8]

The Court concedes that Bayer cannot adequately represent Stanley's interest in transferring the New Jersey Actions because Bayer seeks only their dismissal. However, to the extent Stanley seeks transfer, both Plaintiffs and Bayer will be prejudiced as neither existing party wants to litigate Plaintiffs' claims in California. See Glover, 2011 WL 5007805 at *6 (denying intervention where neither plaintiffs nor defendant wished to proceed in California). Accordingly the prejudice to the existing parties outweighs Stanley's interest in transfer.

In sum, although the claims at issue and Stanley's claims may share questions of law and fact, the Court finds that Stanley's intervention will unduly prejudice the existing parties. Moreover,

---

[8] The Court acknowledges that this finding is inconsistent with the Askin Court's analysis. In Askin, Judge Kim found that "given their role as opponents to Quaker in the California litigation, Quaker [could not] adequately represent [the intervenors'] interests with respect to the first-to-file motion." 2011 WL 5008524, at *5. However, as the Court explained above, Bayer's Motion to Dismiss expressly addresses the concerns Stanley raises in its proposed motion to dismiss or transfer. Each case must be analyzed on its own facts. Here, the Court finds that Stanley's interests will not be jeopardized if she is not permitted to intervene.

Bayer can adequately represent Stanley's interests in this litigation.  Therefore, the Court will deny Stanley's motion for permissive intervention under Rule 24(b).

### III.  CONCLUSION

For the foregoing reasons, Stanley's Motion to Intervene is denied.  An appropriate Order shall follow.

*s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**

Dated:  December 15, 2011